EDWARD DOYLE, PROSECUTOR, v. TOWN OF SECAUCUS, DEFENDANT.

HENRY ZULAUF, PROSECUTOR, v. TOWN OF SECAUCUS, DEFENDANT.

Argued October 6, 1931—Decided March 2, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutors, *William George.*

For the defendant, *William E. Sewell.*

PER CURIAM.

The writs in this case bring up for review an ordinance of the town of Secaucus, adopted April 28th, 1931, amending an ordinance creating a police department in said municipality.

By an amendment to the original ordinance it was provided that the force should consist of a chief, a captain, a sergeant and as many patrolmen as the town council might from time to time appoint. The prosecutor Doyle was appointed chief of police on January 4th, 1927, and held the office until April 28th, 1931, when the office was abolished by the amendment adopted on the latter date. The prosecutor Zulauf was appointed captain of police about two years prior to April 28th, 1931, when the office of captain was abolished by said amendment. Thereafter the sergeant of police became the head of the police force and performed the duties theretofore performed by prosecutors.

The ground of attack is that the ordinance is invalid because it is in violation of section 3 of chapter 212 of the laws of 1911, which provides that it shall not be lawful for any governing body of a municipality to abolish any position or office held by any exempt firemen of any volunteer fire department, holding an exempt certificate. It is undisputed that prosecutors hold such certificates. No charges were made against either of the prosecutors.

The ordinance is not attacked for any lack of power in the council to pass ordinances dealing with the organization of the police force, or for any informality in its adoption. The attack is leveled against the motive that inspired its passage.

The claim of prosecutors is that the adoption of the amendment was in violation of the act above cited and actuated by political motives.

We have carefully reviewed the evidence and are unable to conclude that it appears that the council was actuated by any motive except to relieve the taxpayers of the municipality from what it deemed to be an unnecessary expenditure of public money. That the saving amounted to only two per cent. of the appropriation for the maintenance of the department is not an adequate reason for doubting its advisability. That the council, acting in good faith and in the public interest, had the power to abolish the offices in question, is too firmly settled to admit of doubt. *Paddock* v. *Hudson Tax Board,* 82 *N. J. L.* 360; *Harker* v. *Bayonne,* 85 *Id.* 176; *Colgarry* v. *Water Commissioners, Ibid.* 583; *Buckley* v. *Guttenberg,* 87 *Id.* 434.

In *Paddock* v. *Hudson Tax Board, supra,* this court said:

"The very spirit of good government intends that useless offices drawing revenue from a municipality or state should be abrogated, and it would be regarded as a betrayal of a solemn trust, for a body politic to convert offices contemplated under the civil service law into sinecures or pension places."

As was said by Chief Justice Gummere, speaking for the Court of Errors and Appeals, in *Harker* v. *Bayonne, supra:*

"The abolition by a municipality of a position or an office held by one of the favored class designated in the statute, when such action is taken in good faith, and for the betterment of the public service, is declared in each of the cases cited to be a legitimate exercise of municipal power, notwithstanding the provisions of statutes similar to the one appealed to by defendant in error."

We are unable to say from the evidence before us that the action of the council in adopting the ordinance amending the ordinance creating the places of chief of police and captain of police was not in good faith.

The writs of *certiorari* will be dismissed, with costs.